IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK R. ADAMS, TRUSTEE OF THE | § | |
| ADAMS LIVING TRUST | § | |
| | § | |
| V. | § | No. 5:17CV73-JRG-CMC |
| | § | |
| WELLS FARGO BANK, N.A. d/b/a | § | |
| WELLS FARGO HOME MORTGAGE | § | |

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND[1]

Nugent R. Adams ("Mr. Adams") and Beatrice Olean Adams ("Ms. Adams") were the owners of the property located at 603 Georgetown Road, Ovilla, Texas 75154 (the "Property") as tenants in common until Nugent R. Adams' death in 1995. In 1989, Mr. Adams and Ms. Adams jointly created by trust declaration, and funded, the *Adams Living Trust* (the "Adams Trust"). Following his death, Mr. Adams' undivided one-half interest in and to the Property was transferred to the Adams Trust.

---

[1] The Court provides the following background as detailed in the February 5, 2018 Report and Recommendation.

Ms. Adams obtained a reverse mortgage from Wells Fargo in 2005, which was secured by the Property. When Ms. Adams died on June 4, 2016, all sums secured by the reverse mortgage became immediately due and owing. Mark R. Adams, as executor of Ms. Adams' estate, notified Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage ("Defendant") that he intended to sell the Property in full satisfaction of the outstanding amount due under the reverse mortgage. On October 14, 2016, the Property sold for $225,000. Pursuant to the signed closing disclosures approving of the disbursement of the sale proceeds, Defendant was paid $174,060.71 to pay off and release its lien securing repayment of the reverse mortgage.

On February 23, 2017, Plaintiff Mark R. Adams, Trustee of the Adams Trust ("Plaintiff") filed his Original Petition, in the 5th Judicial District Court of Bowie County, Texas, seeking the partial return of money paid to Defendant based on a conversion claim. Defendant removed the case to this Court on March 29, 2017. Plaintiff contends Ms. Adams and the Adams Trust each owned an undivided one-half interest in the Property at the time Ms. Adams obtained a reverse mortgage in 2005. Orig. Pet., ¶¶ 15–19. Upon Ms. Adams' death in 2016, Plaintiff asserts the Property was sold for $225,525.15. *Id.* ¶¶ 20–22. Plaintiff alleges that $174,060.71 of the sale proceeds were paid to Defendant to satisfy the reverse mortgage. *Id.* ¶ 26. Plaintiff contends the Adams Trust was entitled to receive half of the proceeds in the amount of $102,381.49 (after closing costs). *Id.* ¶ 28. Plaintiff asserts a claim for conversion and seeks actual damages in the amount of $87,030.36 before adjustment, exemplary damages, and attorney's fees. *Id*. ¶¶ 32-38.

The parties filed cross motions for summary judgment.

**REPORT AND RECOMMENDATION**

In her Report and Recommendation dated February 5, 2018, the Magistrate Judge

recommended Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted. The Magistrate Judge first noted Plaintiff asserts a single claim for conversion, seeking actual damages in the adjusted amount of $70,892.53, exemplary damages, and attorney's fees. Orig. Pet., ¶¶ 32–38; *see also* Affidavit of Mark R. Adams ("Adams Aff.") at 5:1-3. As noted by the Magistrate Judge, Plaintiff asserts "Wells Fargo has, at all times since the sale of the Subject Property, continued to maintain possession, and to exercise dominion and control over the Adjusted Trust Funds belonging to the Adams Trust without Plaintiff's consent and to the exclusion of or inconsistent with Plaintiff's rights." Adams Aff. at 5:4-7.

The Magistrate Judge set forth the elements of a conversion claim, noting that Texas jurisprudence holds that money can be the subject of conversion but only when it is in the form of specific chattel or when the money is delivered to another party for safe keeping. (Docket Entry # 29 at 11). The Magistrate Judge held Plaintiff's claim fails because the money received by Defendant was to pay off the reverse mortgage and release the lien and was not in the form of a specific chattel delivered to Defendant for safe keeping. *Id*. at 12. According to the Magistrate Judge, Plaintiff's conversion claim fails for the additional reason that there is no conversion of property when the owner has expressly or impliedly consented to the taking, and here the summary judgment evidence conclusively establisheS Plaintiff consented to the delivery of the proceeds of the sale of the Property to Defendant. *Id.*

The Magistrate Judge then turned to Plaintiff's briefing and noted he focuses on the validity of the lien itself. *Id*. at 13. The Magistrate Judge noted, as urged by Defendant, that the validity of the lien is irrelevant to the Court's analysis as to the critical issue before the Court – whether the summary judgment evidence conclusively negates at least one element of Plaintiff's conversion

claim for money. Even so, for the sake of full discussion, the Magistrate Judge considered, and rejected, Plaintiff's challenges to the validity of the lien based on cotenancy law and Texas homestead rights. *Id*. at 13-20.

Finding Plaintiff's arguments regarding the validity of the lien irrelevant and/or without merit, and having previously found Plaintiff's conversion claim against Defendant fails as a matter of law, the Magistrate Judge considered whether Plaintiff should be allowed to proceed on a claim for unjust enrichment, which he alleged for the first time in his response to Defendant's motion for summary judgment. The Magistrate Judge noted no formal motion to amend had been filed. Rather, in his December 31, 2017 response to Defendant's motion, Plaintiff stated his pleadings clearly gave notice to Defendant of Plaintiff's claim to proceeds derived from the sale of the Adams Trust's interest in the Property. However, to the extent necessary, Plaintiff requested leave in his response to "amend his pleadings to include a claim sounding in unjust enrichment as such claim is supported by existing facts set forth in the pleadings and documents of the parties, and otherwise will not cause prejudice to Defendant." *Id.* at 21.

The Magistrate Judge held Plaintiff's pleadings do not give notice to Defendant of an unjust enrichment claim and held amendment to include such a claim would be required. The Magistrate Judge noted the Docket Control Order required that motions for leave to amend pleadings must be filed by November 6, 2017. Because Plaintiff's request for leave to amend was made in his December 31, 2017 response to Defendant's motion for summary judgment, the Magistrate Judge considered whether good cause existed to allow Plaintiff to amend to allege an unjust enrichment claim against Defendant outside the deadline. *Id*. at 20.

The Magistrate Judge considered the four factors courts consider in determining whether

4

good cause exists to allow a deviation from the scheduling order and concluded Plaintiff had not met his burden of demonstrating good cause for extending the deadline for amending pleadings. *Id*. at 21-23. Specifically, the Magistrate Judge found Plaintiff had not demonstrated he could not have met the deadline despite his diligence. The Magistrate Judge further held an amendment would be futile; there is potential prejudice to Defendant by allowing the requested modification of the scheduling order; and any prejudice to Defendant is unlikely to be cured.

## **PLAINTIFF'S OBJECTIONS**

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff asserts the Magistrate Judge's findings improperly subordinate Plaintiff's existing rights as a cotentant to the rights of Defendant that are derived from Defendant's Deed of Trust to which Plaintiff was not a party. Plaintiff further asserts the Magistrate Judge improperly limited his pleadings to a claim of conversion.

## *DE NOVO* REVIEW

Resolution of the cross motions for summary judgment involves the consideration of the following issues: (1) whether Plaintiff can maintain a cause of action for conversion of money; (2) if not, whether Plaintiff's complaint has sufficiently pleaded a claim for unjust enrichment; and (3) if not, whether Plaintiff has demonstrated good cause for extending the deadline to amend. Plaintiff's first objection focuses on the arguments raised in the underlying briefing regarding the validity of the underlying lien. The Court agrees with the Magistrate Judge that the validity of the lien, which was released by Defendant following Plaintiff's approval of the payment to Defendant of the full amount of the remaining reverse mortgage balance, is irrelevant to the analysis as to the critical issue before the Court, namely whether the summary judgment evidence conclusively negates

at least one element of Plaintiff's conversion claim for money.[2]

As noted by the Magistrate Judge, Plaintiff pleads a single claim for conversion. Orig. Pet., ¶¶ 32-38. According to Plaintiff, "Wells Fargo has, at all times since the sale of the Subject Property, continued to maintain possession, and to exercise dominion and control over the Adjusted Trust Funds belonging to the Adams Trust without Plaintiff's consent and to the exclusion of or inconsistent with Plaintiff's rights." Adams Aff. at 5:4-7.

"Conversion occurs when, wrongfully and without authorization, one assumes and exercises control and dominion over the personal property of another, either inconsistently with or to the exclusion of the owner's rights." *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (citing *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir.2009)). To succeed on a conversion claim under Texas law, the plaintiff must prove that "(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *Id.* "Conversion claims for money must meet additional requirements." *Boardwalk Motor Sports*, 692 F.3d at 381.

Specifically, "[a]ctions for conversion of money are available in Texas only where money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper." *In re TXNB Internal Case,* 483 F.3d 292, 308 (5th Cir.2007) (internal quotation marks omitted). Furthermore, "a party that benefits from proceeds subject to a statutory lien may be liable for

---

[2] Even if the Court were to consider Plaintiff's challenges to the validity of the lien, the Court would agree with the Magistrate Judge that Plaintiff's challenges based on cotenancy law and Texas homestead rights are without merit.

6

conversion of such proceeds only if it has notice of the lien, then accepts and benefits from the proceeds." *Id.* As further pointed out by the Magistrate Judge,

> Texas jurisprudence holds that money can be the subject of conversion, but only when it is in the form of specific chattel, such as old coins, or when the money is delivered to another party for safekeeping, the keeper claims no title, and the money is required and intended to be segregated, either substantially in the form in which it was received or as an intact fund. An obligation to pay money generally, however, is treated differently under Texas law. Where money is involved, it is subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally.

*Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir.1996) (internal quotation marks omitted).

Plaintiff makes no claim that his allegedly converted money is in the form of specific chattel. Nor was it delivered to Defendant for safe keeping, intended to be segregated, either substantially in the form in which it was received or as an intact fund. Rather, the money was received by Defendant to pay off the reverse mortgage and release the lien. Thus, Plaintiff's conversion claim fails.

The Court also agrees Plaintiff's conversion claim fails because Plaintiff consented to the delivery of the proceeds of the sale of the Property to Defendant. There is no conversion of property when the owner has expressly or impliedly consented to the taking. *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39–40 (Tex. App.—Dallas 2003, pet. denied); *Conlee Seed Co. v. Brandvik*, 526 S.W.2d 795, 798 (Tex. Civ. App.—Amarillo 1975, no writ). Here, the summary judgment evidence reveals Plaintiff expressly acknowledged, authorized, and approved disbursement of $174,060.71 to Defendant to pay off the reverse mortgage – leaving the remaining $30,708.26 of the sale proceeds due to Plaintiff and the Adams Estate. Thus, there was no conversion for this additional reason.

The Court now considers whether the Magistrate Judge improperly limited Plaintiff's pleadings to a claim of conversion. According to Plaintiff, Federal Rule of Civil Procedure 8(a) allows a wide range of proof and recovery on sparsely pleaded complaints. (Docket Entry # 30 at 4). In his objections, Plaintiff asserts his Original Petition asserts facts upon which, in his capacity as the Trustee of the Adams Trust, his claim for one-half of the proceeds from the sale of the Property is based, and these facts provide Defendant fair notice of a claim for unjust enrichment.

Although the notice pleading standard does not impose a high bar, FED. R. CIV. P. 8(a)(2) does require that a pleading that states a claim for relief be "a short and plain statement of the claim showing that the pleader is entitled to relief." The essential function of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir.2002) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993)). As found by the Magistrate Judge, the complaint does not mention or allude to an unjust enrichment claim. Therefore, amendment of the complaint is necessary if Plaintiff is to assert such a claim.

As set forth by the Magistrate Judge, courts in the Fifth Circuit consider four factors when determining whether good cause exits to allow a deviation from the court's scheduling order: (1) the explanation for the failure to [amend within the deadline]; (2) the importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Plaintiff has not demonstrated that he could not have met the deadline despite his diligence. Additionally, the Court agrees with the Magistrate Judge that an amendment would be futile in this

8

case. Claims for unjust enrichment sound in quasi-contract or contract implied in law. *Baxter v. PNC Bank Nat. Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013). Texas courts have not recognized a claim for unjust enrichment as an independent cause of action, but have recognized that a lawsuit for restitution or a lawsuit seeking the imposition of a constructive trust may be raised on the theory of unjust enrichment. *Mowbray v. Avery*, 76 S.W.3d 663, 679–80 (Tex.App.-Corpus Christi 2002, pet. denied) (citation omitted).

Unjust enrichment occurs when one person obtains a benefit from another by "fraud, duress, or taking an undue advantage." *Baxter*, 541 F. App'x at 398 (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992) (citations omitted)). Unjust enrichment is not a proper remedy "merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss to the claimant, or because the benefits to the person sought to be charged amounted to a windfall." *Baxter*, 541 F. App'x at 398 (quoting *Heldenfels,* 832 S.W.2d at 40).

As held by the Magistrate Judge, Plaintiff cannot state a claim for unjust enrichment based on any theory of restitution because the undisputed facts show Plaintiff voluntarily and with full knowledge of the facts authorized and approved the distribution of the proceeds to Defendant to pay off its lien. Under Texas law, a plaintiff cannot recover a voluntary payment made with full knowledge of the facts and without fraud or duress, even when the payment is made on a void demand, a claim without foundation, or another mistake of law. *See, e.g.*, *Pennell v. United Ins. Co.*, 243 S.W.2d 572, 576 (Tex. 1951). Plaintiff does not allege or provide any evidence indicating Defendant fraudulently induced, applied duress, or took unfair advantage of Plaintiff that caused him to expressly approve and authorize the distribution of the sales proceeds to Defendant. Accordingly,

amendment would be futile, and Plaintiff has not met his burden of demonstrating good cause for extending the deadline for filing an amended complaint at this juncture.

Plaintiff's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. No. 22) is **DENIED**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 23) is **GRANTED**.

**So ORDERED and SIGNED this 1st day of March, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE